

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

7-3-2008

# Hoxha v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-4879

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Hoxha v. Atty Gen USA" (2008). *2008 Decisions.* Paper 906.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/906

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 06-4879
_____

SAIMIR HOXHA,

Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES

Respondent
_____

On Petition for Review from an
Order of the Board of Immigration Appeals
(Board No. A95-869-962)
Immigration Judge:  Rosalind K. Malloy
_____

Submitted Under Third Circuit LAR 34.1(a)
April 18, 2008

Before:  SCIRICA, *Chief Judge*, AMBRO and FISHER, *Circuit Judges*.

(Filed: July 3, 2008)
_____

OPINION OF THE COURT
_____

FISHER, *Circuit Judge*.

Saimir Hoxha is a native and citizen of Albania.  He seeks review of a final

decision of the Board of Immigration Appeals ("BIA") ordering his removal from the

United States. He contends that the BIA erred in denying his claims for asylum, withholding of removal, and CAT relief. For the reasons set forth below, we will deny the petition.

I.

We write exclusively for the parties, who are familiar with the factual context and legal history of this case. Therefore, we will set forth only those facts necessary to our analysis.

On June 16, 2002, Hoxha entered the country illegally. In November 2002, he filed an application for asylum, withholding of removal and relief under the CAT. At his November 5, 2004 merits hearing, Hoxha testified to an ongoing pattern of repression and physical abuse, due to his political activities, as follows.

Hoxha was a member of the Legality Party, the second largest political party in Albania, and came from an anti-Communist family. He stated he had been born in an internment camp and he and his family were released when he was twelve years old. Hoxha officially joined the Legality Party in October 1997.

During the period between 1997 and his arrival in the United States in 2002, Hoxha claimed to have been involved in a number of politically-motivated altercations with Albanian authorities. Working as vice chairman of his voting district during the 1997 elections, Hoxha testified to being detained, tortured and threatened by the police for his involvement with the party. He said that during this time police threatened his

brother, another party member, who later moved to Greece. In 1998, after organizing a group of party members to attend the funeral of a party official, Hoxha claimed to have been again detained by the police for three days, and after refusing to give the names and addresses of the attendees to police, was again subjected to torture and beatings.

Two days before the 2000 elections, for which he was to serve as vice chairman of his polling place, police detained him and instructed that he not interfere with the vote count. When he refused, the police beat him. His final encounter with police came when he and his friend and fellow Party member, Dahsnor Dosku, organized a group of party members to attend a rally. When he later refused to reveal to police any information about who attended the rally, he testified that police beat him into unconsciousness, although his asylum statement states that he only had the wind knocked out of him. After a short detention, he was transferred to a hospital where he received treatment.

About a week after this event, Hoxha and Dosku fled to Italy, and then to Toronto, Canada, before finally arriving in Detroit, Michigan. Hoxha testified that he believed that the Communists were still searching for him and would kill him. Though his brother was granted political asylum in Greece, and Hoxha speaks Greek, he decided to seek asylum in the United States because he considered it the safest destination. Hoxha's friend, Dosku, testified to corroborate the story, explaining that they fled the hospital together.

On May 3, 2005, the immigration judge ("IJ") entered her decision. The IJ found Hoxha's testimony regarding his alleged arrests and beatings incredible due to

3

inconsistencies with record evidence. The medical record submitted by Hoxha indicated he had sustained a fractured leg, a fact that was not mentioned in his testimony or asylum statement. Furthermore, Hoxha had no criminal record in Albania despite his allegations that he had been arrested several times for engaging in anti-government activities. The IJ also found his claim of being hunted by Albanian authorities to be incredible because of his brother's asylum in Greece and the fact that his family continued to live safely in Albania. The IJ therefore found no credible evidence of past persecution and no basis to find that Hoxha would be persecuted if returned to Albania.

On October 31, 2006, the BIA dismissed Hoxha's appeal. It adopted the IJ's adverse credibility findings and found that his internment camp experience, which the IJ did find to be credible, did not rise to the level of past persecution. Finally, the BIA found that Hoxha had not provided substantial credible evidence to suggest that he was tortured in the past or that he was likely to be tortured upon his return to Albania.

## II.

We have jurisdiction in this matter under 8 U.S.C. § 1252(a)(1). Pursuant to § 1252(b)(4)(B), "administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." Factual findings must be upheld if they are "supported by reasonable, substantial, and probative evidence on the record considered as a whole." *INS v. Elias-Zacarias*, 502 U.S. 478, 481 (1992). Determinations that an alien experienced "persecution" or has a "well-founded fear of

4

persecution" are findings of fact and we are to review them under the substantial evidence standard. *Abdille v. Ashcroft*, 242 F.3d 477, 483-84 (3d Cir. 2001). We also review the adverse credibility determinations for substantial evidence. *Gao v. Ashcroft*, 299 F.3d 266, 272 (3d Cir. 2002). To support an adverse credibility finding, discrepancies in an alien's testimony must involve the "heart of the asylum claim." *Id.*[1] Finally, "the BIA's finding must be upheld unless the evidence not only supports a contrary conclusion, but compels it." *Abdille*, 242 F.3d at 483-84.

III.

In his petition, Hoxha argues that the IJ erred in making an adverse credibility determination based on his conflicting statements. He claims that he did in fact establish past persecution based on the alleged transgressions against him by Albanian authorities. To sustain his burden of proof for asylum, an alien must present credible evidence, and by his credibility "may satisfy his burden, or doom his claim." *Dia v. Ashcroft*, 353 F.3d 228, 247 (3d Cir. 2003). "Inconsistent statements, contradictory evidence, and inherently improbable testimony" may support an IJ's adverse credibility determination. *Id.* at 249.

Hoxha takes specific issue with the IJ's adverse credibility determination regarding the allegation that he broke his leg. While the medical records submitted into evidence

---

[1]Because Hoxha's petition was filed before May 11, 2005, the effective date of the REAL ID Act, the Act does not apply to Hoxha's claim. Under the REAL ID Act, "a trier of fact may base a credibility determination . . . without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim. . . ." 8 U.S.C. § 1158(b)(1)(B)(iii). *Kaita v. Att'y Gen.*, 522 F.3d 288, 296 (3d Cir. 2008).

5

suggest that Hoxha sustained a broken leg in June 2002, he testified that he was merely beaten by police and had not broken his leg. He offered no satisfactory explanation for this contradiction at the hearing and has not offered one on appeal. He fails to support his argument that the treatment listed on the medical report, "serum IV, anaesthetic, antibiotics, vitamin therapy," is inconsistent with a leg injury. Moreover, his claim that the fact that he was able to travel to the United States two weeks after leaving the hospital proves that he could not have had a broken leg, is not persuasive, and does not explain the discrepancy in the medical report.

Hoxha's credibility is further undermined by (1) the fact that the medical reports and affidavits presented by Hoxha and Dosku were virtually identical, *see Singh v. BIA*, 438 F.3d 145, 148 (2d Cir. 2006), (2) the fact that Hoxha claims to have been arrested several times by Albanian police, but does not have a criminal record in that country, and (3) the lack of evidence that Albanian authorities continue to hunt for him, especially in light of the fact that they have not pursued his brother in Greece. These claims, which the IJ found to be incredible, go to the heart of his asylum application, and Hoxha has failed to provide a plausible explanation for these discrepancies. There is substantial evidence to support the IJ's adverse credibility determination with respect to these claims, and therefore Hoxha has failed to carry the burden of proof on his asylum claim. *Dia*, 353 F.3d at 247-48.

Although the IJ found Hoxha to be essentially not credible, he gave him "the benefit of the doubt" with respect to his claim that he and his family lived in an internment camp until 1990. Hoxha suggests, in passing, that based on this alone he should be granted asylum. He cites neither specific evidence, nor any authority, to support a finding of past or future persecution. Because there has been no evidence presented to verify what is merely a conclusory statement, this argument is deemed to have been waived. *Reynolds v. Wagner*, 128 F.3d 166, 178 (3d Cir. 1997).

Hoxha initially requested asylum, withholding of removal, and relief under CAT. However, in his brief in support of his petition for review, his argument is confined to his eligibility for asylum and does not challenge the previous denial of his withholding of removal or CAT claims in any meaningful way. As we have previously stated, "the argument section of appellant's brief [must] contain appellant's contentions and the reasons for them, with citations to the authorities." *United States v. Irizarry*, 341 F.3d 273, 305 (3d Cir. 2003). Given that Hoxha has only made a passing reference to these claims, without argument or citation to authority, he has waived his argument with respect to his withholding of removal and CAT claims. *Skretvedt v. DuPont*, 372 F.3d 193, 202-03 (3d Cir. 2004).

## IV.

For the foregoing reasons, we will deny the petition for review.